**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated, | ) CASE NO. 2:21-cv-04185-CDJ |
| | ) |
| | ) JUDGE: C. DARNELL JONES, II |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOE CORPORATION d/b/a NATIONAL ADVOCATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT THE LAKE LAW FIRM'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A REPLY
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant The Lake Law Firm ("Lake") hereby seeks leave to file a Reply to address misstatements of law and misrepresentations of the pleadings in Plaintiff's Response to Defendant's Motion to Dismiss ("Response"). (*See* Doc. 16.) In fairness, Lake requests a chance to respond to these maneuvers, and rebut Plaintiff's efforts to recharacterize and somehow salvage his defective Amended Complaint.

The attached Reply refutes Plaintiff's novel theory that a prospective attorney-client relationship communication is a "telephone solicitation" under 47 C.F.R. § 64.1200(c). In effect, on behalf of a putative nationwide class, Plaintiff asks the Court to expand the definition of a "telephone solicitation." The Court should not allow it. Under the narrow statutory definition of a "telephone solicitation," there is no possibility that Plaintiff can prevail in this action. This is true even under Plaintiff's own misstated version of the governing standard, since Plaintiff alleged and admitted that he was not asked to pay for *anything*. (Doc. 12, ¶ 38.) Plaintiff's statutory "telephone solicitation" allegations do not state a claim under the law.

The attached Reply also refutes Plaintiff's case theory that a contract to generate leads in certain geographic areas satisfies vicarious liability. In the Response, Plaintiff asks the Court to not extrapolate the facts missing from the Complaint, and instead find that "acquiescence" is control. Plaintiff is wrong. An allegation of "acquiescence" does not amount to an allegation that Lake controlled, or even had the right to control, the *manner* and *means* by which Defendant National Advocates allegedly made the at-issue calls. Plaintiff's vicarious liability allegations do not state a claim under the law.

Accordingly, the Response and the Amended Complaint are a bid to circumvent the statutory definition of "telephone solicitation," as well as the law of vicarious liability. In order to set the record straight and forestall improper claims asserted by Plaintiff, Lake respectfully requests that the Court grant its request for leave and deem filed the attached Reply in Further Support of Lake's Motion to Dismiss.

Dated: January 12, 2022

Respectfully submitted,

*/s/ John C. Gentile*
John C. Gentile (No. 322159)
BENESCH, FRIEDLANDER, COPLAN &
   ARONOFF LLP
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA  19103-7301
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jgentile@beneschlaw.com

David M. Krueger (*Admitted Pro Hac Vice*)
Laura E. Kogan (*Pro Hac Vice Forthcoming*)
John N. Dagon (*Pro Hac Vice Forthcoming*)
BENESCH, FRIEDLANDER, COPLAN &
   ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone:    (216) 363-4500
Facsimile:    (216) 363-4588
Email:  dkrueger@beneschlaw.com
       lkogan@beneschlaw.com
       jdagon@beneschlaw.com

*Attorneys for Defendant The Lake Law Firm*